UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CINPRES GAS INJECTION LTD.,

    Plaintiff,                                                Civil Action No. 12-CV-13000

vs.                                                     HON. BERNARD A. FRIEDMAN

VOLKSWAGEN GROUP OF
AMERICA, INC.,

    Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S
MOTION TO DISMISS IN FAVOR OF ARBITRATION**

        This matter is presently before the Court on defendant's motion to dismiss in favor of arbitration [docket entry 19]. Plaintiff has filed a response brief and defendant has filed a reply. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without oral argument.

        This is a patent infringement case. Plaintiff Cinpres Gas Injection Ltd. ("Cinpres") alleges that defendant Volkswagen Group of America, Inc. ("VWGOA") is infringing two of plaintiff's patents (the '387 and '844 patents), which describe injection molding processes, by importing, offering for sale and selling certain plastic parts (e.g., "exterior rear view mirror housing," "sunroof wind deflector," "front door map pocket" and "lift gate window trim") on some of its 2011 Audis. Plaintiff seeks damages, injunctive relief and attorney fees.

        Defendant argues that the complaint should be dismissed because all disputes between the parties concerning these patents are governed by a 2006 license agreement which contains a mandatory arbitration clause. A copy of this agreement, between Cinpres and defendant's parent corporation, Volkswagen AG, is attached to the motion as Exhibit 1. Plaintiff opposes the motion on the grounds that the arbitration agreement does not apply to the instant case because

VWGOA is not a party to that agreement and the patent claims asserted in the complaint do not arise under the license agreement.

Even assuming VWGOA has any rights under the VW-Cinpres agreement,[1] defendant would be entitled to the relief it seeks only if the instant case fell within the scope of the arbitration clause of that agreement. *See Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000). Clearly, the VW-Cinpres agreement does not encompass the patent infringement claims of the present case. The agreement gave VW a license to use one, specifically identified "gas controller" and to use plaintiff's patented "plastic expulsion process" (PEP) on that controller.[2] Defendant does not contend that the infringement alleged in the complaint relates to defendant's use of plaintiff's PEP technology or plaintiff's gas controllers. Further, the patents covered by the agreement are specifically identified at pages 10 and 20 of the agreement in Schedules 1 and 1a, and these schedules do not include either of the patents which plaintiff alleges defendant is infringing. Paragraphs II.12.9 and III.13.9 of the agreement require arbitration of "[a]ll disputes *arising out of this License*" (emphasis added), not all disputes between the parties and their related entities. Moreover, from the parties' email exchange, reproduced at ¶ 32 of the second amended complaint, it appears plaintiff is not alleging that defendant has violated any term of the VW-Cinpres license

---

[1] It would appear VWGOA has no such rights. In ¶¶ II.12.2 and III.13.2 the license agreement indicates quite clearly that it is not transferable. The agreement's only mention of "affiliates," itself an undefined and ambiguous term, *see Omnicom Group, Inc. v. 880 West Long Lake Associates, LLC*, 2011 WL 2893023, at \*\* 2-3 (E.D. Mich. July 20, 2011), relates to the situation where VW sells licensed machinery using licensed technology, a circumstance not alleged in the present case.

[2] As the license agreement lists three gas controller license numbers and three gas controller serial numbers, it would appear Cinpres licensed VW to use three gas controllers. *See id.* at p. 2.

2

agreement, but that defendant's suppliers are producing parts for defendant without a license. Under all of these circumstances, it is quite clear that the instant dispute between plaintiff and VWGOA does not arise under, and in fact has nothing to do with, the license agreement between plaintiff and VW. The arbitrability issue is not even arguable and therefore it is not a matter for the arbitrator to decide. Defendant's motion to dismiss is therefore denied.

    SO ORDERED.


Dated: January 9, 2013           s/ Bernard A. Friedman
                                        BERNARD A. FRIEDMAN
                                        SENIOR UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was sent to parties of record on January 9, 2013, electronically or by U.S. mail.

                                        s/ Michael Williams
                                        Relief Case Manager to the Honorable
                                        Bernard A. Friedman