UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CINPRES GAS INJECTION LTD.,

      Plaintiff,                             Civil Action No. 12-CV-13000

vs.                                     HON. BERNARD A. FRIEDMAN

VOLKSWAGEN GROUP OF
AMERICA, INC.,

      Defendant.
_____/

## <u>ORDER REQUIRING ADDITIONAL BRIEFING</u>

This matter is presently before the Court on plaintiff's motion to unseal [docket entry 45] and on two motions filed by defendant to seal [docket entries 51 and 54]. In all three motions defendant argues that certain filings in this matter should be (or should remain) sealed in order to prevent the dissemination of what defendant characterizes as "confidential business and technical information," "highly sensitive information related to the licensed technologies and license fees," "confidential license terms" and "highly confidential commercial information" contained in a September 2006 license agreement between plaintiff and VW AG, a copy of which is attached as Exhibit 1 to the brief in support of defendant's motion to dismiss in favor or arbitration [docket entry 25].

Without further information, the Court is unable to determine whether it is appropriate under E.D. Mich. LR 5.3(b) to seal the license agreement or any portion thereof. Public access to court records is the norm and sealing them to protect trade secrets or other confidential information is the narrow exception. Magistrate Judge Scoville recently summarized the applicable legal standards as follows:

As explained by the Sixth Circuit in *Brown & Williamson*, the presumption of access to court records may be overcome by the need to keep order and dignity in the courtroom or by a particularized special need for confidentiality, such as when trade secrets, national security, or certain privacy rights of trial participants or third parties are implicated. 710 F.2d at 1179. Sealing court records, however, is deemed a drastic step, which must be justified by "the most compelling reasons." *See In re Knoxville News—Sentinel Co.*, 723 F.2d 470, 476 (6th Cir.1983). "The public has a strong interest in obtaining the information contained in the court record," including the determination of the evidence upon which the court relied in reaching its decision. *Brown & Williamson*, 710 F.2d at 1180–81. Ultimately, the trial court has discretion to seal its records "when interests of privacy outweigh the public's right to know." *In re Knoxville News—Sentinel*, 723 F.2d at 474; *see Nixon v. Warner Commc'ns, Inc.*, 435 U.S. at 598.

Although the presumption of public access to court records is not absolute, overcoming the presumption must be based on more than the "natural desire of parties to shield prejudicial information contained in judicial records from competitors and the public." *Brown & Williamson*, 710 F.2d at 1180. Thus, the party seeking to seal court records bears the burden of showing that divulging the records would reveal legitimate trade secrets or other truly confidential information. *Id.*

\*   \*   \*

The parties are privileged to negotiate in secret, but they must litigate in public. The Sixth Circuit has pointed out that the presumption of access to court proceedings finds its genesis in the founding principles of this country and a revulsion against secret judicial proceedings, such as those held in the Star Chamber and other prerogative courts. *Brown & Williamson*, 710 F.2d at 1177 n. 6.

*Encana Oil & Gas (USA), Inc. v. Zaremba Family Farms, Inc.*, 2012 WL 1377598, at \*\*1-2 (W.D. Mich. Apr. 19, 2012).

It does not suffice for defendant to simply assert that the license agreement at issue in this case contains confidential information. Rather, defendant must identify specific terms of the agreement (by page and paragraph number) and explain precisely why each such term contains

confidential information which must be shielded from public view.

Defendant must provide the Court with this additional information and argument (not to exceed ten pages in length) within seven days of the date of this order.  Plaintiff may respond (with a brief of the same length) within seven days thereafter.

SO ORDERED.


Dated: January 28, 2013                    s/ Bernard A. Friedman_____
                                           BERNARD A. FRIEDMAN
                                           SENIOR UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was sent to parties of record on January 28, 2013, electronically or by U.S. mail.

                                           s/ Michael Williams_____
                                           Relief Case Manager to the Honorable
                                           Bernard A. Friedman